UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>KEITH EDWARD TAYLOR,<br><br>                                    Defendant. | Case Nos.: 13CR2794-JLS<br>                  18CV1185-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and DENYING CERTIFICATE OF APPEALABILITY** |

On June 4, 2018, Defendant Taylor, proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 80).  Plaintiff has not filed a response.

Defendant's motion was filed more than one year after his conviction became final[1] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1).  However, Defendant contends that his motion is timely because of "recent case law and constitutional errors…just recognized [in] April 2018." ECF No. 80 at 13.  Defendant does not provide any citation, but considering Defendant's claim that an enhancement to his guidelines "in correlation with 922(g) and vagueness of Rule 16(b)" was unwarranted, the Court presumes

---

[1] Defendant was sentenced on March 28, 2014 and he filed no notice of appeal.  Thus, his conviction became final 14 days later.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).

he refers to *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). In *Dimaya*, the Supreme Court struck down the residual clause of 18 U.S.C. § 16[2] as unconstitutionally vague. In *Dimaya*, an immigration judge relied upon the residual clause in determining that a prior conviction constituted an aggravated felony and thus supported the respondent's deportation. In confirming the vagueness of 18 U.S.C. § 16(b), the Supreme Court relied upon its prior decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which it struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.

In this case, Defendant's sentence was not based upon an enhancement under the ACCA, or on any enhancement based upon a determination that Defendant was an aggravated felon or that he committed a crime of violence as defined in 18 U.S.C. § 16.[3] Defendant pled guilty to Count 3 of the indictment against him, which alleged an offense under 18 U.S.C. 922(g)(1), being a felon in possession of a firearm. Plea Agreement, ECF No. 63 at 2. The Court adopted the Government's position that Defendant was not an armed career criminal under the ACCA and calculated a base offense level of 24, enhanced by 4 levels for possession of a firearm during other felony conduct pursuant to United Sates Sentencing Guideline § 2K2.1(b)(6)(B). The Court applied a 3-level reduction for defendant's acceptance of responsibility for a total offense of 25 which, at a criminal history category of VI, resulted in a guideline range of 110 to 137 months. The Court imposed the low-end of 110 months. ECF No. 67.

Thus, although Defendant suggests that *Dimaya* announced a new rule rendering his § 2255 petition timely, neither *Dimaya* nor its predecessor case *Johnson* have any bearing

---

[2] Section 16 defines the term "crime of violence" as: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[3] The Presentence Report was prepared after Defendant's initial guilty plea to Counts 1 and 2 of the indictment and recommended a 5-year enhancement under the ACCA for Count 2. However, Defendant subsequently withdrew his guilty plea to those counts and pled guilty to Count 3. ECF No. 62. The Court did not apply the Guideline calculations recommended by the PSR, but instead adopted the calculations jointly recommended by the parties (up until the point of departures). See ECF Nos. 60 and 61.

on the sentence imposed in this case.  Therefore, these decisions cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).[4]

Accordingly, the Court finds Defendant's motion to be time-barred under 28 U.S.C. §2255(f).  Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **Hereby Dismissed.**  Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.

IT IS SO ORDERED.

Dated:  January 15, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[4]   28 U.S.C. § 2255(f)(3) proscribes a one-year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."